**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**KEEFER PERKINS and SHONTANETTE BARBER, Individually and as Sole Heirs at Law to the Estate of Fred Claude Perkins,**

**Plaintiffs,**

**v.**

**CITY OF SOUTH FULTON, a Municipal Corporation of the State of Georgia; KEANDRE GRAY, Individually and in his capacity as a City of South Fulton Police Officer; MAYA LYNN MERRITT, Individually and in her capacity as a City of South Fulton Police Officer; and CHIEF KEITH MEADOWS, Individually and in his capacity as Chief of the South Fulton Police Department,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:25-CV-7455-MHC**

## ORDER

This case comes before the Court on Defendants City of South Fulton, Georgia, Keandre Gray, Maya Lynn Merritt, and Chief Keith Meadows's Motion to Dismiss [Doc. 2].

## I. BACKGROUND[1]

Defendant City of South Fulton (the "City") is a Georgia municipal corporation. Compl. ¶ 8. Defendants Keandre Gray ("Gray") and Maya Lynn Merritt ("Merritt") (collectively, the "Officers") are police officers with the City of South Fulton Police Department ("CSFPD"), and Defendant Keith Meadows ("Meadows") is the police chief of the CSFPD. Id. ¶¶ 11-12, 35. Keefer Perkins and Shontanette Barber bring this action on behalf of themselves and the estate of their father, Fred Claude Perkins ("F. C. Perkins"), who is deceased. Id. ¶¶ 4-6.

On November 28, 2023, at around 6:48 P.M., the Officers responded to a 911 call concerning an alleged assault at 4455 Roosevelt Highway, South Fulton, Georgia. Id. ¶ 22. This property included two commercial establishments: a Reliable Automotive in the front and Perkins Auto Recycling in the rear. Id. Perkins Auto Recycling is a family-owned salvage business which F.C. Perkins operated for over forty-five (45) years. Id. Upon arrival, the Officers encountered an alleged victim sitting in a vehicle; the victim was sobbing and made no

[1] Because this case is before the Court on Defendants' Motion to Dismiss, the facts are presented as alleged in Plaintiffs Keefer Perkins ("K. Perkins") and Shontanette Barber ("Barber")'s Complaint for Wrongful Death ("Compl.") [Doc. 1-1]. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1128 (11th Cir. 2019) (citation omitted).

statements. Id. ¶ 23. The Officers proceeded on foot down an unpaved gravel driveway in the dark and approached "a small, well-lit shed" in which F. C. Perkins was sitting in alone. Id. ¶¶ 24-25. F. C. Perkins used this shed as his business office and "had long maintained a security role, guarding against thefts in his salvage yard." Id. ¶ 25.

From about 35-40 yards away from the shed, with service weapons already drawn, Gray ordered anyone inside the shed to come out and repeatedly commanded the occupant to drop any weapons. Id. ¶ 26. Then, "without further warning or de-escalation efforts," the Officers discharged multiple rounds into the shed. Id. F. C. Perkins suffered three gunshot wounds to his face and neck. Id. The Officers delayed calling for any emergency medical treatment for over thirty (30) minutes, and F. C. Perkins died at the scene as a result of the gunshots. Id. ¶¶ 27, 30. The Officers did not have a warrant to be on the premises, and "no comprehensive public investigative report has been released." Id. ¶¶ 28-29.

Based on the foregoing, Plaintiffs filed the Complaint in the Fulton County Superior Court on December 1, 2025. Compl. at 1. The Complaint asserts the following claims: (1) unlawful entry pursuant to the Fourth Amendment (Count 1); (2) unreasonable use of force pursuant to the Fourth Amendment (Count 2); (3) failure to follow policy/supervisory liability pursuant to 42 U.S.C. § 1983 and

Monell[2] (Count 3); (4) wrongful death pursuant to Georgia law (Count 4); and (5) failure to provide medical aid pursuant to the Fourteenth Amendment and Georgia law (Count 5). Id. ¶¶ 33-37. Plaintiffs assert these claims against Gray, Merritt, and Meadows in their individual and official capacities, and against the City pursuant to Monell. Id. ¶¶ 8-12. Barber brings her claims individually and as heir to the estate of F. C. Perkins. Id. K. Perkins brings his claims individually and as an heir and proposed administrator to the Estate of F. C. Perkins. Id. ¶¶ 5-7. Plaintiffs allege that K. Perkins "will promptly petition the Clayton County Probate of Georgia, for appointment as Administrator of the Estate, and will amend this Complaint upon issuance of Letters of Administration." Id. ¶ 6. On December 30, 2025, Defendants removed the action to this Court on the basis of federal question jurisdiction. See generally Notice of Removal [Doc. 1].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead

---

[2] Monell v. Department of Social Services, 436 U.S. 658 (1978).

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

At the motion to dismiss stage, the court accepts all well-pleaded facts in the plaintiff's complaint as true, as well as all reasonable inferences drawn from those facts. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004); Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). Not only must the court accept the well-pleaded allegations as true, but these allegations must also be construed in the light most favorable to the pleader. Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011). However, the court need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Thus, evaluation of a motion to dismiss

requires the court to assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## III. DISCUSSION

Defendants argue that Plaintiffs' claims should be dismissed because (1) the claims asserted against Gray, Merritt, and Meadow in their official capacities are redundant of their claims against the City; (2) Plaintiffs lack standing to sue because they were not the duly appointed representatives of F. C. Perkins's Estate at the time of filing; and (3) Plaintiff's claims are barred by the statute of limitations. Mot. to Dismiss at 2.

### A. Plaintiffs Do Not Have Standing to Assert Estate Claims.

Defendants argue that Plaintiffs lack standing to assert estate claims[3] because they were not the duly appointed legal representatives of the Estate of F. C. Perkins at the time the Complaint was filed. Mot. to Dismiss at 6-7. Plaintiffs do not appear to dispute that they lack standing to assert estate claims but instead

---

[3] The parties refer to "estate claims" without specifying which claim(s) they are referring to. Under federal and Georgia law, designated survivors may bring a wrongful death claim in their own individual capacities, while the decedent's estate may bring claims such as pain and suffering and constitutional violations. Kendrick v. Talton, No. 5:22-CV-381 (MTT), 2023 WL 8791677, at *1 (M.D. Ga. Dec. 19, 2023). Accordingly, the Court interprets "estate claims" as referring to Counts 1-3 and 5, which include all counts in the Complaint except for the Count 4 wrongful death claim.

argue that they possess standing to assert a wrongful death claim pursuant to O.C.G.A. § 51-4-2(a). Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss [Doc. 4] at 1-2.

O.C.G.A. § 53-7-2 provides that "[t]he personal representative shall be entitled to possess and administer the entire estate" and O.C.G.A. § 53-7-45 provides that "[p]ersonal representatives are authorized to compromise, adjust, arbitrate, assign, sue or defend, abandon, or otherwise deal with or settle debts or claims in favor of or against the estate." "The legal representative of an estate has the exclusive right to bring an action on behalf of the estate." In re Est. of Coutermarsh, 325 Ga. App. 288, 289 (2013) (citing OCGA § 53-7-45; Memar v. Styblo, 293 Ga. App. 528, 528-529 (2008)). To bring claims on behalf of an estate, a plaintiff must be administrator of the estate at the time that the complaint is filed. Memar, 293 Ga. App. at 529 (2008) (holding that the plaintiff was not the proper party to bring an action for an estate because at the time the complaint was filed, "he was not the legal representative, executor, or administrator of the estate").

Here, neither Plaintiff alleges that either was the administrator of F. C. Perkins' estate at the time the Complaint was filed; therefore, Plaintiffs do not have standing to bring the estate claims. See Williams v. T-S Mfg. Co., No. CV 2:24-

046, 2024 WL 3362335, at *2 (S.D. Ga. July 10, 2024) ("So, Plaintiff has standing, as Mr. Moore's mother, to bring the wrongful death claim but, because she has not been appointed administrator of Mr. Moore's estate, she does not have standing to bring the multiple tort claims."). Accordingly, Defendants' Motion to Dismiss is **GRANTED IN PART** as to Counts 1-3 and 5.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Wrongful Death Claim.

Because this Court has dismissed Counts 1-3 and 5, only Plaintiffs' state law claim for wrongful death (Count 4) remains. Defendants removed this case from the Superior Court of Fulton County solely based on federal question jurisdiction because of Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983. See Notice of Removal [Doc. 1] ¶¶ 3-4. Accordingly, the only basis for subject-matter jurisdiction in this action is original jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

However, a district court "may decline to exercise supplemental jurisdiction over a claim" in certain circumstances, such as when it "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has counseled in favor of declining to exercise supplemental jurisdiction when all federal claims are dismissed prior to trial:

> Although the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed. "We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004). The Supreme Court has also put a thumb on the scale: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [pendent] jurisdiction . . . ." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.

Silas v. Sheriff of Broward Cnty., 55 F.4th 863, 866 (11th Cir. 2022).

Accordingly, because the Court has dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim, such that this case should be **REMANDED** to the Superior Court of Fulton County. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) (recognizing that a district court can decline to exercise jurisdiction of pendent state law claims once it has dismissed federal claims).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' City of South Fulton, Keandre Gray, Maya Lynn Meritt, and Chief Keith Meadows's Motion to Dismiss [Doc. 2] is **GRANTED IN PART**. Counts 1-3 and 5 in Plaintiffs Keefer Perkins and Shontanette Barber's Complaint are **DISMISSED**.

It is **FURTHER ORDERED** that Plaintiffs' Complaint [Doc. 1-1] with the remaining state law claim (Count 4) is **REMANDED** to the Superior Court of Fulton County, Georgia.

**IT IS SO ORDERED** this 30th day of July, 2026.

MARK H. COHEN
United States District Judge